UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIKA PARKER, | No. 2:16-cv-2010-JAM-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| LENOX HILL HOSPITAL, | |
| Defendant. | |

Plaintiff Akika Parker, who proceeds in this action without counsel,[1] has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.)[2] Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

////

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] Plaintiff has not responded to all the pertinent questions in the form submitted in support of her motion to proceed *in forma pauperis*. Nevertheless, in light of the court's conclusion that the case should be transferred to the Southern District of New York, the court declines to rule on the motion, which will ultimately be decided by that district.

1

After carefully reviewing plaintiff's complaint, the court finds that it lacks personal jurisdiction over defendant, and finds it appropriate to transfer the action to the Southern District of New York.

Liberally construed, plaintiff's complaint alleges that plaintiff, a resident of Carmichael, California, sought medical care at defendant Lenox Hill Hospital during a trip to New York City in August/September 2015. After several unpleasant interactions between plaintiff and hospital staff, plaintiff was allegedly restrained and medicated against her will, and possibly assaulted, until she was finally released on September 11, 2015. Although it is not entirely clear from the complaint what type of claim(s) plaintiff is asserting, the civil cover sheet indicates that plaintiff asserts a personal injury/medical malpractice claim against defendant and its staff. Because plaintiff is alleged to be a citizen of California, defendant is alleged to be a citizen of New York, and the amount in controversy is alleged to be in excess of $75,000.00, plaintiff invokes the court's diversity of citizenship subject matter jurisdiction. (See generally ECF Nos. 1, 1-1.)

Even assuming, without deciding, that diversity of citizenship subject matter jurisdiction properly exists, the court plainly lacks personal jurisdiction over defendant.

The plaintiff generally bears the burden of establishing the district court's personal jurisdiction over the defendant. Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1128-29 (9th Cir. 2003). "A non-resident defendant may be subject to the personal jurisdiction of the court where the defendant has either a continuous and systematic presence in the state (general jurisdiction), or minimum contacts with the forum state such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice' (specific jurisdiction)." Martinez v. Manheim Central California, 2011 WL 1466684, at *1 (E.D. Cal. Apr. 18, 2011) (citing Int'l Shoe Co. v. Washington, 325 U.S. 310, 316 (1945)).

Here, defendant is a hospital located on the Upper East Side of Manhattan in New York, New York.[3] The hospital is apparently run by Northwell Health, Inc., a not-for-profit corporation incorporated in New York, which operates various hospitals and other health care facilities in

---

[3] See https://www.northwell.edu/find-care/locations/lenox-hill-hospital.

1  New York.[4]  Because defendant does not have a continuous and systematic presence in

2  California, the court does not have general personal jurisdiction over defendant.   Additionally,

3  defendant does not even have the requisite minimum contacts with California sufficient to confer

4  specific personal jurisdiction.   Even though plaintiff happens to be a citizen of California, the

5  alleged acts of defendant and its staff took place in New York and was not purposefully directed

6  at the forum state of California; nor did defendant purposefully avail itself of conducting business

7  or other activities in California.  See Yahoo! Inc. v. La Ligue Contre Le Racisme Et

8  L'Antisemitisme, 433 F.3d 1199, 1205-06 (9th Cir. 2006) (discussing the test for specific

9  personal jurisdiction, including the requirement of purposeful direction or purposeful availment).

10  Indeed, the complaint alleges that defendant's acts only took place after plaintiff voluntarily

11  presented herself at the New York hospital for treatment during her trip to New York.

12       Therefore, the court lacks personal jurisdiction over defendant.  Furthermore, under the

13  circumstances of this case, it is implausible that plaintiff would be able to cure the jurisdictional

14  deficiency by virtue of amendment or a greater factual showing.  28 U.S.C. § 1631 provides that:

> Whenever a civil action is filed in a court...and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action...to any other such court in which the action...could have been brought at the time it was filed...and the action...shall proceed as if it had been filed in...the court to which it is transferred on the date upon which it was actually filed in...the court from which it is transferred.

19  28 U.S.C. § 1631.  Here, in light of plaintiff's *pro se* status, and the fact that plaintiff likely

20  inadvertently filed this action in the wrong forum, the court finds it appropriate to transfer the

21  action to the Southern District of New York, the district in which defendant is located.  In

22  transferring the action, the court expresses no opinion regarding the merits of plaintiff's claims.

23       Accordingly, IT IS HEREBY ORDERED that:

24      1. The Clerk of Court shall TRANSFER this action, including the pending motion to

25         proceed *in forma pauperis*, to the United States District Court for the Southern District

26         of New York.

27

---

28  [4] See http://www.dos.ny.gov/corps/bus_entity_search.html.

2. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated:  September 20, 2016

*Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE